

FILED

September 13, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:21 A.M.

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
### (HEARD AUGUST 30, 2017, AT MEMPHIS)

| | | |
|---|---|---|
| Darlene Noel | ) | Docket No.  2016-08-0054 |
| | ) | 2016-08-0069 |
| v. | ) | |
| | ) | State File No.  45760-2015 |
| EAN Holdings, LLC, et al. | ) | 9570-2015 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

**Affirmed and Remanded – Filed September 13, 2017**

---

In this second interlocutory appeal in this case, the employer asserts the trial court erred in denying its motion to terminate authorized medical treatment.  Employer further argues that its motion, supported by medical records from two authorized physicians and a completed questionnaire from one of the physicians, was unopposed and should have been granted as a matter of course.  Upon careful consideration of the record, we affirm the trial court's decision, though for different reasons than those espoused by the trial court, and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Alex B. Morrison and Charles E. Pierce, Knoxville, Tennessee, for the employer-appellant, EAN Holdings, LLC

Christopher Taylor, Memphis, Tennessee, for the employee-appellee, Darlene Noel

### Factual and Procedural Background

This interlocutory appeal arises from two alleged accidents reported by Darlene Noel ("Employee") while she worked for EAN Holdings, LLC ("Employer"), at an airport rental car facility.  In the first alleged incident, which occurred on January 16,

2015, Employee reported she was struck in the upper back by a door that had been opened forcefully by a co-worker. In the second alleged incident, Employee reported that on January 23, 2015, she was approaching an automatic door that failed to open properly, resulting in her striking her head on the door. Previously, the trial court had ordered Employer to provide Employee panels of physicians for these alleged incidents, and we affirmed those orders.[1]

After evaluations by two physicians Employee selected from the panels, Employer filed a motion to terminate authorized medical treatment, arguing that each of the authorized physicians had expressed an opinion that Employee did not reasonably need medical treatment as a result of the alleged work accidents. Employer attached to its motion signed medical records from each physician. Employee did not respond to the motion, object to the trial court's consideration of the signed medical records, or offer any countervailing medical evidence. Consequently, the trial court considered the motion unopposed.

Following a review of the record without an evidentiary hearing, *see* Tenn. Code Ann. § 50-6-239(d)(2), the trial court denied Employer's motion, concluding it was "inappropriate to address the merits of the treating doctors' opinions in a motion hearing and possibly 'modify' its interlocutory order." The trial court further reasoned that "discovery is incomplete, and the parties have yet to undertake medical proof, [both of] which are required for the Court to adjudicate the claim on its merits." Finally, the trial court noted that "[t]o proceed via a motion would graft upon the rules of this Court what amounts to a summary judgment proceeding on a claim deemed compensable at an expedited hearing when only denied claims are amenable to such motions." Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2016) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). However, we review questions of law *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at *18 (Tenn. Workers' Comp. Panel Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). Moreover, the interpretation and application of statutes and regulations concerns issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves*

---

[1] *See Noel v. EAN Holdings, LLC*, Nos. 2016-08-0054 and 2016-08-0069, 2017 TN Wrk. Comp. App. Bd. LEXIS 6 (Tenn. Workers' Comp. App. Bd. Jan. 19, 2017).

*Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

## Analysis

Hearings of interlocutory disputes are governed by Tennessee Code Annotated section 50-6-239(d), which states as follows:

> Upon motion *of either party* made at any time after a dispute certification notice has been issued by a workers' compensation mediator, a workers' compensation judge may, at the judge's discretion, hear disputes over issues provided in the dispute certification notice concerning the provision of temporary disability *or medical benefits* on an expedited basis and enter an interlocutory order upon determining that the injured employee would *likely prevail* at a hearing on the merits.

Tenn. Code Ann. § 50-6-239(d)(1) (emphasis added). Thus, in considering a motion filed by either party seeking interlocutory relief prior to the occurrence of a compensation hearing, a trial court must determine whether the employee is likely to prevail on that issue at trial.

Furthermore, Tenn. Comp. R. & Regs. 0800-02-21-.14 (2016) governs the manner in which expedited hearings are conducted. Paragraph (1) discusses the filing of requests for expedited hearings by "either party." Paragraph (1)(b) requires a party opposing a motion to "submit all documents . . . demonstrating the moving party is not entitled to the requested relief no later than ten (10) business days before the date of the expedited hearing." In the event the court elects to resolve the motion without a hearing, "the clerk shall also send information to the parties detailing the actions required to present the case to the judge for a decision on the record." Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(f). In addition, paragraph (2) provides that, at an expedited hearing, "letters or written statements addressing medical causation that have been signed by a doctor shall be admissible evidence." Tenn. Comp. R. & Regs. 0800-02-21-.14(2).

In addition, paragraph (3) of that regulation discusses circumstances in which a party may elect to file a motion for summary judgment following an expedited hearing at which the trial court denied benefits "on the grounds of compensability." Tenn. Comp. R. & Regs. 0800-02-21-.14(3). "If the denial on the grounds of compensability is affirmed by the appeals board or if no appeal is taken, the employer *may* file a motion for summary judgment . . . ." *Id.* (emphasis added). Thus, while this rule describes particular circumstances in which a party *may choose* to file a motion for summary judgment, it does not restrict the filing of motions for summary judgment, or any other

3

motions, as may be allowed by Rule 56 of the Tennessee Rules of Civil Procedure or any other applicable statutes or rules.

In its order, the trial court concluded that it was unable to entertain "what amounts to a summary judgment proceeding" because, pursuant to Tenn. Comp. R. & Regs. 0800-02-21-.14(3), summary judgment motions can only be filed in circumstances where a trial court has previously denied an employee's claim at a prior expedited hearing. We disagree with this restrictive interpretation of the regulation when read in conjunction with Rule 56 of the Tennessee Rules of Civil Procedure. Instead, we conclude that parties who choose to seek relief from the court prior to a trial have several choices. One option is to file an interlocutory motion as described in Tennessee Code Annotated section 50-6-239(d) and Tenn. Comp. R. & Regs. 0800-02-21-.14(1). Another option is to file a motion for summary judgment "at any time after the expiration of thirty (30) days from the commencement of the action." Tenn. R. Civ. P. 56.01. Moreover, as we previously stated, a trial court has broad discretion to control the pace of litigation and should "give each side a reasonable and meaningful opportunity" to prepare its case before setting any such motion for a hearing. *Hollis v. Komyo Am.*, No. 2016-03-0298, 2017 TN Wrk. Comp. App. Bd. LEXIS 25, at *10 (Tenn. Workers' Comp. App. Bd. Mar. 7, 2017).

Upon consideration of the foregoing, we conclude Employer's motion to terminate medical benefits falls within the scope of Tennessee Code Annotated section 50-6-239(d)(1) and Tenn. Comp. R. & Regs. 0800-02-21-.14(1). It was not a motion for partial summary judgment pursuant to Tenn. R. Civ. P. 56.01, as suggested by the trial court, but was instead a request for interlocutory relief and should have been evaluated in light of the standard for expedited hearings mandated by section 50-6-239(d)(1).

Nevertheless, we conclude that the trial court's error in not treating Employer's motion as a request for interlocutory relief pursuant to Tennessee Code Annotated section 50-6-239(d) was harmless under the circumstances presented in this case, and that the trial court did not err in denying Employer's motion. First, Employer's argument that an unopposed motion must be granted as a matter of course is incorrect. We have previously explained that "[n]either Rule 4.01(B) [of the trial court's Practices and Procedures] nor any other applicable rule prohibits a trial court from deciding motions on their merits. Likewise, the Bureau's regulations do not prohibit a trial court from considering the merits of an unopposed motion." *Valladares v. Transco Prods., Inc.*, No. 2015-01-0117 and 2015-01-0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *15 (Tenn. Workers' Comp. App. Bd. July 27, 2016). This is not to suggest, however, that a trial court cannot consider the fact that a motion is unopposed in deciding whether to grant or deny the motion. Thus, a party acts at its peril when electing not to respond to a party's request for a trial court to take some action.

Second, the medical records and questionnaire responses provided by Employer in support of its motion were equivocal as to the need for additional medical treatment. Dr. Nadel's March 14, 2017 report, the most recent medical report contained in the record, indicated Employee was benefitting from physical therapy, and he recommended additional therapy at that time. He also changed Employee's medications. Furthermore, although Dr. Nadel indicated in response to Employer's questionnaire that Employee's condition was not likely the result of a work-related accident, he clarified this response by writing, "[s]he may have had some [increase in] pain [and] injury superimposed on a chronic problem." Thus, Employer did not establish at this interlocutory stage of the case that it was likely to prevail at trial in proving Employee has no need for reasonable and necessary future medical care causally related to the work accidents.

**Conclusion**

Based on the foregoing, we affirm the trial court's order and remand the case for any further proceedings that may be necessary.



**FILED**

**September 13, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:21 A.M.



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Darlene Noel | ) | Docket No.   2016-08-0054 |
| | ) |                        2016-08-0069 |
| v. | ) | |
| | ) | State File No.  45760-2015 |
| | ) |                        9570-2015 |
| EAN Holdings, LLC, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of September, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Christopher L. Taylor | | | | | X | ctaylor@taylortoon.com |
| Alex B. Morrison | | | | | X | abmorrison@mijs.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov